IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **D.W.,** * | |
| A minor, by her educational advocate * | |
| and next friend, * | |
| **Fatmata Barrie** * | |
| 1003 K St., N.W. #565 * | |
| Washington, D.C. 20001 * | |
| * | |
| and * | |
| * | **Civil Action No:** |
| **Fatmata Barrie** * | |
| 1003 K St., N.W. #565 * | |
| Washington, D.C. 20001 * | |
| Plaintiffs * | |
| * | |
| v. * | |
| * | |
| **GOV. OF DISTRICT OF COLUMBIA** * | |
| A municipal corporation, * | |
| 1350 Pennsylvania Ave., N.W. * | |
| Washington, D.C. 20004 * | |
| * | |
| Serve on: * | |
| Attorney General of D.C. * | |
| Attn: Janice Stokes or Darlene Fields * | |
| One Judiciary Square * | |
| 441 4th Street, N.W., Suite 600 * | |
| Washington, D.C. 20001 * | |
| * | |
| and * | |
| * | |
| Mayor Adrian Fenty * | |
| Office of the Secretary * | |
| Attn: Gladys Herring or Designee * | |
| 1350 Pennsylvania Avenue, Ste. 419 * | |
| Washington, DC 20004 * | |

```
                                        *
CHANCELLOR                              *
Michelle Rhee                           *
District of Columbia Public Schools     *
825 North Capitol Street, NE            *
Washington, D.C. 20002                  *
            Defendants(s)               *
*************************************
```

## COMPLAINT

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEA); the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section 504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5 D.C.M.R. §§3000 et seq.

## PARTIES

2.      D.W. is a seventeen-year old child with a disability in the custody of Child Family Services, in the District of Columbia.  She was recently determined eligible for special education services as Emotionally Disturbed by Anne Arundel Public Schools pursuant to IDEIA and section 504.  Her court-appointed educational advocate brings this action on his behalf and in their own right.

3.      The District of Columbia is a municipal corporation.  As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS).  DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEIA and section 504.

4.      Michelle Rhee is the Chancellor of the District of Columbia Public Schools and is responsible for ensuring that all children in the District of Columbia receive a free, appropriate

education (FAPE) and that their rights to equal protection of the law and due process of law are respected.

## FACTS

5. D.W. is a 17-year old student who has been determined to be eligible for special education services by Anne Arundel Public Schools.  Her current classification is Emotionally Disturbed, and she currently attends High Road Upper School.  Her IEP calls for twenty-nine (29) hours of special education services per week, with one (1) hour of counseling services per week.

6. On 10/28/05, an HOD was issued, ordering DCPS to convene an MDT/IEP meeting within fifteen (15) school days of issuance of the HOD to review independent evaluations and determine eligibility for the student.  At the time, the student had not been found eligible for special education services; a due process complaint had been filed alleging that DCPS had denied D.W. FAPE for its failure to convene an MDT/IEP meeting to determine her eligibility status, as well as develop an IEP and determine an appropriate placement.

7. On 06/02/06, another HOD was issued, finding that DCPS had violated the 10/28/05 HOD by failing to convene an MDT/IEP meeting as ordered by the 10/28/05 HOD.  The hearing officer determined that DCPS had not presented any evidence to justify why the previous HOD was not complied with, and had furthermore denied the student FAPE as she was harmed by DCPS' delay.  This 06/02/06 HOD again ordered that a BLMDT meeting be convened by DCPS, within thirty (30) days, in order to review evaluations and determine the student's eligibility, and if appropriate, develop an IEP and determine placement.

8. On February 2007, D.W. was discharged from Deveraux Residential Treatment program in Orlando, Florida.  Progress reports from her time with the program indicated that she has a history of negative social-emotional behaviors, including aggression towards adults and peers, hypomania, oppositional behaviors, and poor impulse control.  She was diagnosed at the treatment program as having a Conduct Disorder, as being Bipolar, and possessing borderline

intellectual functioning. At no time prior to her release from the program was D.W. provided with an MDT / IEP meeting from DCPS to determine her eligibility status or to provide her with services.

9. As a result of the due process violations and denials of appropriate services, the court appointed educational advocate filed a due process complaint on 11/30/06. This complaint alleged that DCPS violated the 06/02/06 and 10/28/05 HODs, by failing to schedule or convene a BLMDT meeting, violated the "Child Find" statute for not determining D.W. eligible for services, failed to provide D.W. with an appropriate placement for several years, failed to develop an appropriate IEP or special education and related services, failed to convene an MDT/IEP meeting for the 2006-07 SY (and failed to convene such a meeting since 2005), failed to complete all appropriate evaluations of the student, and failed to provide D.W. with compensatory education.

10. Upon leaving the Deveraux program, D.W. was briefly placed at the Mary Moss Academy in Anne Arundel County, Maryland. At this placement, an IEP was developed for her. However, as per her IEP, she required a full-time therapeutic placement, which Mary Moss Academy was unable to provide. As a result, she was provided Crisis Home Teaching for six (6) hours per week pending an appropriate educational placement. Eventually, D.W. was placed at the High Road Academy.

11. About five months after the complaint was filed, but before the due process hearing was convened, an IEP was finally developed for D.W. at Mary Moss Academy on 04/10/07. D.W. was found eligible for services under the disability classification of Emotionally Disturbed (ED). In the IEP notes, it is noted that D.W. is functioning below-average, and below-grade-level. Her reading skills are only on a sixth-grade level, while her match skills are also similarly low, on a fourth-grade level. In both areas, her reading delays and writing deficits negatively impact upon her academic performance. Further, the IEP notes also stressed her serious social-emotional concerns; D.W. is often noncompliant and confrontational, engages in constant attention-seeking

4

behaviors, has poor emotional control and insight, and can become both verbally and physically abusive towards others. Her IEP provides for twenty-nine (29) hours of special education services per week, as well as one hour of counseling per week.

12. On 04/30/07, five months after the complaint was filed, a hearing was convened and for the hearing, the parent through counsel disclosed as evidence inter alia, the 11/30/06 due process complaint, the 06/02/06 HOD, 10/28/05 HOD, 02/21/06 treatment plan review, 04/21/05 psychiatric evaluation, 05/12/05 psycho-educational, 04/25/05 clinical psychological, 05/16/05 social history, and D.W.'s functional behavioral assessments, along with several other documents related to the student's academic performance and need for special education services.

13. At the hearing, the petitioner's counsel, through its own witnesses, did acknowledge that D.W. had been evaluated by Anne Arundel County Public Schools and found eligible for services as a student classified as ED, and that an IEP had been developed for her.

14. On 05/08/07, the hearing officer issued an HOD in which he dismissed the claim against DCPS, even though DCPS had never convened the MDT/IEP meeting to determine D.W.'s eligibility, developed or provided for her an appropriate IEP, discussed or determined an appropriate placement for D.W., or provided her with compensatory education for its past (and present) denial of FAPE. The hearing officer concluded that DCPS was not provided with notice of the MDT / IEP meeting by Mary Moss Academy or allowed to participate in the development of the IEP or the placement decision, and as such, the petitioner's claims under the due process complaint were mooted.

15. In the 05/08/07 HOD, the hearing officer made erroneous findings of fact and conclusions of law. The hearing officer ignored the evidence on the record with regards to the outstanding HODs that had previously been issued against DCPS, awarding D.W. the right to an MDT / IEP meeting from DCPS to determine her eligibility status for services under the IDEIA. The 10/28/05 HOD expressly found that DCPS had denied D.W. FAPE by its failure to convene an

5

MDT meeting to determine eligibility. Likewise, the 06/02/06 HOD found that DCPS was in violation of the previous HOD, had presented no evidence to explain or justify its noncompliance, and was further denying the student FAPE with its unreasonable delays in convening the MDT meeting. The issue of failure to comply with HODs has recently been settled by the consent decree in Blackman v. D.C., Civil Action No. 97-1629 (D.D.C. Aug. 24, 2006). This consent decree has established that there is a rebuttable presumption of a denial of FAPE for student denied timely hearing and for students who failed to receive timely implementations of HODs. id., ¶ 74 at 39. In the District of Columbia, the Blackman consent decree is controlling authority, and as such, the decree explicitly states that noncompliance by DCPS of an existing HOD constitutes a denial of FAPE. Though two previous HODs had been violated as a result of DCPS' failure to convene an MDT meeting, the hearing officer ignored the controlling authority of Blackman and dismissed the complaint without taking into consideration that DCPS' failure to comply was already proof of its denial of FAPE for D.W.

16. In the present situation, D.W. is a young woman who has had a long history of emotional disturbance, including severe behavioral concerns. She can be aggressive, oppositional, verbally and physically threatening, may engage in self-injurious behaviors, and when fully agitated appears to lose touch with reality. She was part of a residential program for several months due to her social-emotional conflicts. In fact, as the hearing officer himself noted in the HOD that before being placed at High Road, D.W. was suspended and on home study from Mary Moss Academy because they were unable to handle her behavior issues.

17. In his order the hearing officer neglected to address the "Child Find" and the HOD claim in the complaint. The IDEIA's Child Find provision places a clear and unambiguous duty upon the school district to ensure that all children with disabilities, who are in need of special education services, be "identified, located and evaluated…." 20 U.S.C. §1412(a)(3)(A); see also 34 CFR §300.125(a)(1)(i). Numerous evaluations have been conducted for D.W., which have expressly

6

demonstrated her lack of academic progress, borderline intellectual functioning and severe social-emotional disabilities for several years.  She has been diagnosed with a Conduct Disorder, as well as Bipolar, and in her evaluations great care has been given to emphasize her negative behaviors, such as aggression towards others, oppositional behaviors, attention-seeking behaviors, poor insight and judgment, etc.  Two separate HODs were awarded to the petitioner upon the basis that D.W. required an MDT / IEP meeting in order to be determined eligible for services and to develop a special education plan appropriately suited to her needs.  Though there is abundant evidence on the record to demonstrate that DCPS repeatedly failed to find her eligible for services under the IDEA or even provide her with an MDT meeting to discuss eligibility status, the hearing officer ignored these issues in his dismissal of the complaint.  Though D.W. has suffered a serious deprivation of rights due to the denial of FAPE she received on the part of DCPS, the hearing officer neglected to address these issues in the HOD.

18.     The evidence on the record shows that petitioner had attempted to get DCPS to comply with the procedural requirements of the IDEIA for several years, including obtaining two separate HODs to force the agency to convene an MDT / IEP meeting for the student to determine eligibility and services.  DCPS, however, continued to refuse to perform its obligations under the law, and equally chose to ignore the previous HODs.  The D.C. Municipal Regulations clearly state that "Timeliness for assessment and placement shall be as follows:…..sixty (60) working days to conduct an assessment and sixty (60) working days to propose adequate placement of a child who must be placed in a private or residential special education program."  D.C.M.R. §3010.2(b).  DCPS failed to meet this timeframe not by a time period measurable by days, but by months and years.  Furthermore, the IDEIA imposes strict requirements with regards to the convening of an IEP meeting:  "Each public agency is responsible for initiating and conducting meetings for the purpose of developing…..the IEP of a child with a disability;…..a meeting to develop an IEP for the child must be conducted within 30-days of a determination that the child

7

needs special education and related services." 34 C.F.R. §300.343(a), (b)(2). Again, DCPS failed significantly to perform its duties under the law and convene an MDT meeting to evaluate the child. Such violations of the procedural rules elucidated in the IDEIA which "deprive an eligible student of an IEP or result in the loss of an educational opportunity also will constitute a denial of FAPE under the IDEA." Knable v. Bexley City Sch. District, 238 F.3d 755, 766 (6th Cir., 2000). Though DCPS' routine failure to convene the MDT meeting denied D.W. with a determination of eligibility, an IEP, and educational opportunity, the hearing officer did not address these denials of FAPE in his decision.

19. DCPS violated the IDEIA in its failure to evaluate D.W. in all areas of suspected disabilities. According to 34 CFR §300.304(c)(4), "each public agency must ensure that the child is assessed in all areas related to the suspected disability . . . " D.W. has exhibited poor verbal abilities and a significant difficulty with reading and written language which has negatively impacted her progress throughout her educational career. Furthermore, she has borderline intellectual functioning and very low cognitive ability, which, in addition to her considerably poor academic skills and low BVMI rating, demonstrated a need for further testing of her disability, especially in order to determine what services she would require to meet her needs. However, DCPS failed to complete any further evaluations of D.W., detrimentally denying her the assessments necessary in order for an honest and accurate determination of her educational requirements. Regardless of this, the hearing officer chose not to address DCPS' denial of FAPE in this area.

20. DCPS has been on notice for years that D.W. needed special education services to address her various disabilities and to help her make academic progress, but never provided her with an MDT / IEP meeting to discuss eligibility or services, even after being ordered to do so twice via two separate HODs. The law on this matter is quite settled; when a school knows, actually or constructively, that a student needs special education services and does nothing to aid that child,

the "disabled child is entitled to compensatory education for a period equal to the period of deprivation." M.C. v. Central Regional Sch. Dist., 81 F.3d 389, 397 (C.A.3 (N.J.), 1996). For its repeated denials of FAPE to D.W., DCPS owes compensatory education for the duration of its denial of FAPE to the student, and the hearing officer was incorrect in failing to conclude that such a denial of FAPE had occurred.

### COUNT I

21. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

22. Defendants failure to provide plaintiff with free, appropriate education violates plaintiffs' rights under the IDEIA and section 504.

### COUNT II

23. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

24. Defendants violated IDEIA and denied Plaintiff a FAPE when they failed to adhere to the 10/28/06 HOD as well as the 06/02/06 HOD and convene an MDT/IEP meeting to review all evaluations, determine eligibility, and develop an IEP, determine placement and compensatory education..

### COUNT III

25. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

26. Defendants violated IDEIA by not completing appropriate evaluations of the student and failing to evaluate her in all areas of suspected disability.

### COUNT IV

27. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

28. Defendants violated the "Child Find" statute of the IDEIA for failing to determine D.W. eligible for services for the past two to four years.

### COUNT V

29. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

30. Defendants violated IDEIA by failing to provide compensatory education for the denial of FAPE for the past two to four school years.

## COUNT VI

31. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

32. Defendants violated IDEIA by not providing D.W. with appropriate special education and related services and by not providing the student with a timely hearing from the filing of the 11/30/06 due process complaint notice.

## COUNT VII

33. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

34. Defendants violated the IDEIA by not providing D.W. with an appropriate placement for last two to four years or affording the parent an opportunity to participate in a placement meeting.

## COUNT VIII

35. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

36. Defendants violated the IDEIA by failing to provide D.W. with an appropriate IEP since 2005 because DCPS never convened a MDT meeting to develop an IEP for the last two to four years.

## COUNT IX

37. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

38. Defendants violated the IDEIA by failing to provide D.W. with appropriate transition services or provide her with a vocational assessment.

## COUNT X

39. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

40. The hearing officer erred in that he did not address the issue of the HOD violation or the

issue of the "child find" statute.

## COUNT XI

41. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

42. The hearing officer erred in his decision to dismiss the case against DCPS without proof of provision of a FAPE to the student.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray this Court to grant them the following relief:

1. Issue judgment for Plaintiffs and against defendants on all aforementioned counts;

2. Order that the May 8, 2007 Hearing Officer's Determination be reversed and the relief in the underlying due process complaint be granted;

3. Award Plaintiffs attorneys' fees and the costs of this action and of those relating to the due process hearing; and

4. Award any other and further relief the Court deems just and proper.


Respectfully submitted,
THE IWEANOGES' FIRM P.C.


By:_____
Jude C. Iweanoge, Bar #493241
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, D.C. 20017
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: jci@iweanogesfirm.com

11

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**
D.W. et al.

11001

**DEFENDANTS**
Government of District of Columbia et al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jude C. Iweanoge, Esq.
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, D.C. 20017

Case: 1:07-cv-01427
Assigned To : Huvelle, Ellen S.
Assign. Date : 8/6/2007
Description: Admn. Agency Review

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**
☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**◉ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)** OR **○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Denial of FAPE    20 USC 1415

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 8/6/07    SIGNATURE OF ATTORNEY OF RECORD [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.