UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____  :
                                           :
**D.W., by her educational advocate**      :
   **FATMATA BARRIE,**      :
                                           :
    **Plaintiffs,**    :
                                           :
    **v.**              :  Civ. Action No. 07-1427(ESH)
                                           :
**DISTRICT OF COLUMBIA,**                  :
                                           :
    **Defendant.**     :
_____  :

## DEFENDANT'S ANSWER TO COMPLAINT

(Paragraph numbers below correspond to the paragraph numbers in the complaint.)

1. Admitted that this Court has jurisdiction pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§1400 et seq. Admitted as to sentence three. Sentence two is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied. The remaining allegations are denied.

2. Admitted as to sentence one. Defendants lack knowledge and information sufficient to enable them to respond to the allegation in sentence two. Sentence three is a characterization of the action to which no response is required. If a response is required, then the same is denied.

3. Admitted.

4. Admitted that Michelle Rhee is the Chancellor of the District of Columbia Public Schools ("DCPS"). The remaining allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

5. Admitted as to sentence two. Defendants lack knowledge and information sufficient to enable them to respond to the remaining allegations at this time.

6. Admitted as to sentence one. The due process complaint speaks for itself. The allegation in sentence two is the pleader's recollection of the content of the due process complaint to which no response is required. If a response is required, then the same is denied.

7. The June 2, 2006 Hearing Officer's Determination ("HOD") speaks for itself. The remaining allegations are the pleader's recollection of the content of the HOD to which no response is required. If a response is required, then the same are denied.

8. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

9. The November 30, 2006 due process complaint speaks for itself. The remaining allegations are the pleader's recollection of the content of the due process complaint to which no response is required. If a response is required, then the same are denied.

10. Admitted that D.W. was placed at High Road Academy. Defendants lack knowledge and information sufficient to enable them to respond to the remaining allegations.

11. The April 10, 2007 Individualized Educational Plan ("IEP") speaks for itself. The remaining allegations are the pleader's recollection of the IEP to which no response is required. If a response is required, then the same are denied.

12. The hearing transcript speaks for itself. The remaining allegations are the pleader's recollection of what occurred at the hearing to which no response is required. If a response is required, then the same are denied.

13. The hearing transcript speaks for itself. The remaining allegations are the pleader's recollection of what occurred at the hearing to which no response is required. If a response is required, then the same are denied.

14. The May 8, 2007 HOD speaks for itself. The remaining allegations are the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same are denied.

15. The May 8, 2007, October 28, 2005, and June 2, 2006 HODs speak for themselves. The allegations in sentences one, two and three are the pleader's interpretation of the HODs to which no response is required. If a response is required, then the same are denied. The remaining allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

16. Defendants lack knowledge and information sufficient to enable them to respond to the allegations in sentences one, two and three. The HOD speaks for itself. The allegation in sentence four is the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same is denied.

17. The HODs speaks for themselves. The allegations in sentence one and five are the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same are denied. The evaluations referenced speak for themselves. The allegations in sentences three and four are the pleader's interpretation of the evaluations to which no response is required. If a response is required, then the same are denied. The remaining allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

18. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

19. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

20. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

21. In answer to this allegation, Defendants incorporate, by reference the answers to paragraphs 1-20.

22. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

23. In answer to this allegation, Defendants incorporate, by reference the answers to paragraphs 1-20.

24. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

25. In answer to this allegation, Defendants incorporate, by reference the answers to paragraphs 1-20.

26. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

27. In answer to this allegation, Defendants incorporate, by reference the answers to paragraphs 1-20.

28. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

29. In answer to this allegation, Defendants incorporate, by reference the answers to paragraphs 1-20.

30. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

31. In answer to this allegation, Defendants incorporate, by reference the answers to paragraphs 1-20.

32. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

33. In answer to this allegation, Defendants incorporate, by reference the answers to paragraphs 1-20.

34. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

35. In answer to this allegation, Defendants incorporate, by reference the answers to paragraphs 1-20.

36. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

37. In answer to this allegation, Defendants incorporate, by reference the answers to paragraphs 1-20.

38. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

39. In answer to this allegation, Defendants incorporate, by reference the answers to paragraphs 1-20.

40. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

41. In answer to this allegation, Defendants incorporate, by reference the answers to paragraphs 1-20.

42. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

Defendants deny each and every allegation set forth in the complaint not specifically admitted herein.

FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

The decision of the hearing officer at issue is supported by substantial evidence, is in accordance with the applicable law, and should be affirmed by this Court as a matter of law.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District
     of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    */s/ Edward P. Taptich*_____
    EDWARD P. TAPTICH (012914)
    Chief, Equity Section 2

    /s/ *Veronica A. Porter*_____
    VERONICA A. PORTER (412273)
    Assistant Attorney General
    441 4th St., N.W., Sixth Floor South
    Washington, D.C. 20001
    (202) 724-6651
    (202) 727-3625 (facsimile)
    veronica2.porter@dc.gov

**December 5, 2007**