UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.W., by her educational advocate FATMATA BARRIE, | : : : : |
| Plaintiffs, | : : |
| v. | : Civ. Action No. 07-1427(ESH) : |
| DISTRICT OF COLUMBIA, | : : |
| Defendant. | : : : |

**REPORT TO THE COURT PURSUANT TO LCvR 16.3**

As required by Fed. R. Civ. P. 26(f), LCvR 16.3(d), and this Court's order of December 10, 2007, the undersigned certify that they conferred by telephone on January 14, 2008, and discussed the matters required pursuant to LCvR 16.3(c). Their positions with respect to these matters are set forth below:

**STATEMENT OF FACTS**

This is an action brought under the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400-1461, appealing a Hearing Officer's determination issued on May 8. 2007, wherein the Hearing Officer dismissed Plaintiff's complaint against Defendant as moot.

1. **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the merits.**

This case is likely to be resolved by dispositive motion. No dispositive motions have been filed. The parties do not believe there are any discovery issues at this time.

2. **The date by which any other parties shall be joined or the pleadings amended and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

No other parties will be joined. At this time, the parties do not believe that the factual or legal issues can be narrowed.

    **3.    Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Plaintiffs have no objection to the case being assigned to a magistrate judge. Defendant does not consent to the case being assigned to a magistrate judge for any purposes.

    **4.    Whether there is a realistic possibility of settling the case.**

There is none at this time.

    **5.    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties do not believe this case can benefit from the Court's ADR procedures.

    **6.    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions and replies; and proposed dates for a decision on the motions.**

The parties believe that the case can be resolved by dispositive motions. The parties propose the following schedule for summary judgment motions:

| | |
|---|---|
| Defendant files administrative record | February 22, 2008 |
| Plaintiff files summary judgment motion | March 28, 2008 |
| Defendant files cross summary judgment motion and opposition | May 9, 2008 |
| Plaintiff files opposition and reply | May 30, 2008 |
| Defendant files reply | June 20, 2008 |

The parties anticipate that the Court will decide the motions as soon as the press of its business permits.

**7.       Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties stipulate to dispense with the initial disclosures.

**8.       The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery, whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties do not anticipate the need for discovery.

**9.       Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

No modification is requested.

**10.      In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**11.      Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Bifurcation is not requested.

**12.      The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties recommend that the pretrial conference take place 30 days after the Court

decides the dispositive motions.

**13.      Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties recommend that the trial date be set at the pretrial conference.

**14.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None.

> Respectfully submitted,
>
> PETER J. NICKLES
> Interim Attorney General for the
>   District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division
>
> */s/ Edward P. Taptich*
> EDWARD P. TAPTICH (012914)
> Section Chief
> Equity Section Two
>
> */s/ Veronica A. Porter*
> VERONICA A. PORTER (412273)
> Assistant Attorney General
> Civil Litigation Division
> Equity Section Two
> 441 Fourth Street, N.W., Sixth Floor South
> Washington, D.C.  20001
> (202) 724-6651 (phone)
> (202) 727-3625 (facsimile)
> veronica2.porter@dc.gov
> **ATTORNEYS FOR PLAINTIFF**
>
> */s/ Jude C. Iweanoge*
> JUDE C. IWEANOGE (493241)
> Iweanoge Law Center
> 1026 Monroe Street, N.E.
> Washington, D.C.  20017
> (202) 347-7026 (phone)
> (202) 347-7108 (facsimile)
> jci@iweanogesfirm.com
> **ATTORNEY FOR PLAINTIFFS**